

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-24-2004

# Patel v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3952

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Patel v. Secretary Homeland" (2004). *2004 Decisions.* Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3952
_____

YOGESH KUMAR JASHUBHAI PATEL,

*Petitioner*

v.

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Board No.  A79-447-939)
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2004
Before: ROTH, SMITH  and BECKER, *Circuit Judges*

(Filed  November 24, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is a petition by Yogesh Kumar Jashubhai Patel for review of the final order of

the Board of Immigration Appeals (BIA) denying his applications for asylum,

withholding of removal and protection under the Torture Convention (CAT).   Patel's

brief to the Board is couched in terms of an argument that Patel is entitled to asylum, mentioning the CAT only in a conclusory fashion. As a result, the Attorney General argues that we lack jurisdiction to review Patel's request for CAT protection because he failed to exhaust his administrative remedies with respect to the CAT claim. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). We agree. However, and at all events, there is no merit to his petition, for the Immigration Judge (IJ) acted reasonably in concluding that Patel did not show that he would be tortured if he returned to India.[1]

The IJ's finding that an alien is ineligible for protection under the CAT must be affirmed if substantial evidence supports the conclusion that the alien failed to prove a clear probability of torture if returned to the country of removal. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); Wang v. Ashcroft, 368 F.3d 346, 349-50 (3d Cir. 2004) (applying the substantial evidence standard on review of a CAT claim). Under this standard, the IJ's determination that an alien is not eligible for protection under the CAT must be upheld unless the evidence presented "was so <u>compelling</u> that no reasonable factfinder could fail to find" the requisite probability of persecution or torture. *Elias-Zacarias*, 502 U.S. at 483-84 (emphasis added). Patel does not come close to meeting the exacting standard. Patel is a Hindu who claims that he would be tortured by Muslims if

---

[1]There is also no merit to Patel's contention that the BIA, which affirmed the order of the IJ under its streamlining procedures, abused its discretion because it failed to provide a reasoned explanation for its decision. We rejected this argument in *Dia v. Ashcroft*, 353 F.3d 228, 236-38 (3d Cir. 2003) (en banc).

forced to return to India. There is evidence that Patel had on occasion been threatened by Muslims in India, and that, on one occasion, thirty-five Muslims came to his father's house while the family was sleeping and burned the house down. However, we agree with the IJ that the harassment and discrimination Patel experienced at the hands of Muslims in India was not sufficient to rise to the level of past persecution, and thus did not create a presumption that Patel's life or freedom would be threatened if returned to India, much less a presumption that he would be tortured. We also agree that he independently failed to establish that it was more likely than not that he would be tortured (or persecuted) if returned to his home country. Indeed, as the IJ noted, Patel is a Hindu from a predominately Hindu country and that "it is inconceivable that the [Petitioner] would not be able to obtain protection from the government were he to be harmed or injured by Muslims."

The petition for review will be denied.